**UNITED STATES DISTRICT COURT**
for the
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Dana Hall )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>LVNV Funding, LLC )<br>    *Defendant* )<br> )<br>    Serve: )<br>        The Corporation Trust Co. )<br>        Corporation Trust Center )<br>        1209 Orange Street )<br>        Wilmington, DE 19801 )<br> ) | Case No. 3:13CV-399-H |

## CLASS ACTION COMPLAINT and
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant, LVNV Funding, LLC ("LVNV"), violated the FDCPA by filing suit against Plaintiff, Dana Hall, by filing suit on a debt barred by the applicable statute of limitations in the Jefferson District Court. The Jefferson District Court dismissed LVNV's state-court complaint with prejudice on statute-of-limitations grounds. LVNV violated the FDCPA as to the other members of the class by likewise filing suit on a debt barred by the applicable statute of limitations or threatening to file suit on a debt barred by the applicable statute of limitations.

### PARTIES

2. This action is brought by Plaintiff on behalf of himself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

3. Plaintiff, Dana Hall, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky.

4. Defendant, LVNV Funding, LLC, is a foreign limited liability company engaged in the business of purchasing debt from creditors and collecting these debts in this state, with its

principal place of business located in Charleston, SC. The principal purpose of Defendant is the collection of debts using the mails, telephone, and the other.

5. Portfolio Recovery Associated, LLC ("LVNV") is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## BACKGROUND

6. Mr. Hall is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3) and within the meaning of the Kentucky Consumer Protection Act.

7. LVNV filed suit against Mr. Hall in Jefferson District Court on November 19, 2012 in Case No. 12-C-013045. (A copy of the Complaint is attached as Exhibit "A").

8. LVNV's Complaint against Mr. Hall was based on an alleged debt on a credit card issued by Capital One Bank (USA), NA ("Capital One").

9. Mr. Hall used the Capital One credit card to purchase goods and services used for personal or household purposes, making LVNV's state-court complaint an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10. LVNV attached an "Account Summary" to its Complaint that unequivocally states that the last payment on the Capital One credit card account occurred on June 27, 2008.

11. So Capital One's, hence LVNV's, cause of action against Mr. Hall accrued on or before July 26, 2008.

12. Capital One's and LVNV's cause of action against Mr. Hall accrued more than four years before LVNV filed suit against Mr. Hall in Jefferson District Court.

13. In its Complaint in Jefferson District Court, LVNV claimed to be an assignee of a credit card account owed by Mr. Hall to Capital One Bank.

14. As an assignee, LVNV's cause of action against Mr. Hall derives from Capital One's cause of action against Mr. Hall.

15. As an assignee, LVNV was subject to all defenses Mr. Hall may have or had against Capital One.

16. Capital One Bank (USA), N.A. is a Virginia corporation, which is headquartered in McLean, Va.

17. Capital One Bank's cause of action against Mr. Hall, if any, accrued in Virginia because the economic injury occurred in Virginia when Mr. Hall allegedly failed to make required payments on his credit card account.

18. Under Virginia law, credit card debt is subject to a three-year statute of limitations. *Delrey v. Capital One Bank*, 08-514 AP, 2009 WL 5103229 (Fla. Cir. Ct. July 7, 2009)

19. Under a straightforward application of Kentucky's borrowing statute, LVNV's claim against Mr. Hall was subject to Virginia's three-year statute of limitations.

20. LVNV filed suit against Mr. Hall more than three years after its cause of action accrued against Mr. Hall, and therefore, LVNV's claim was barred by Virginia's three-year statute of limitations.

21. Mr. Hall moved to Dismiss LVNV's Complaint with Prejudice on grounds that LVNV's claims were barred by Virginia's three-year statute of limitations.

22. After considering the parties briefs on the issue and hearing arguments by counsel, the Jefferson District Court Dismissed LVNV's Complaint with Prejudice. (A copy of the Order Dismissing with Prejudice is attached as Exhibit "B").

## CLASS ALLEGATIONS

23. Plaintiff, Dana Hall, brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

24. Under the claim for violation of the Fair Debt Collection Practices Act, these persons comprise all persons whom Defendant, LVNV, LLC, or its agents, employees, or representatives (including but not limited to its attorneys of the law firm of record in this case: Weltman, Weinberg & Reis Co., L.P.):

> (a) brought suit after, or within the last 12 months prior to, the date of filing the Complaint in this case and which LVNV's claim is based on an assignment, purchase, or other transfer of a credit-card debt by Capital One Bank (USA), N.A.; and

> (b) sent a dunning letter after, or within the last 12 months prior to, the date of filing the Complaint in this case, that threatened to take legal or action or refer a debt for legal action against the letter's recipient, and which Capital One Bank (USA), N.A. was the alleged original creditor on the underlying debt.

25. This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded for violation of the Act.

26. The class so represented by Plaintiff in this action, and of which he himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

27. Plaintiff's claims are typical of the claims of the class.

28. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether Portfolio Recover Associates, LLC's demand for court costs prior to entry of judgment in its favor violates the Fair Debt Collection Practices Act.

29. There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

30. Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

31. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

33. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

35. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36. The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

37. Because many of the persons sued and/or sent a dunning letter by Defendant may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

38. Plaintiff, Dana Hall, incorporates paragraphs 1-37 above as if fully set forth herein.

39. The above-described actions by LVNV constitute violations of the Fair Debt Collection Practices Act.

40.     Defendant's, LVNV Funding, LLC, violations of the FDCPA include, but are not limited to, the following:

(a)     LVNV Funding, LLC violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, by bringing suit on a claim that is barred by the applicable statute of limitations; and

(b)     LVNV Funding, LLC violated 15 U.S.C. § 1692e(5) by filing suit on a debt that is barred by the statute of limitations, or threatening to take legal action on a debt that is barred by the statute of limitations.

WHEREFORE, Plaintiff requests that the Court grant the following relief in his favor and in favor of the class and against Defendant, LVNV Funding, LLC:

1. The maximum amount of statutory damages for each member of the class provided under 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs; and

3. Such other and further relief as is appropriate.

Respectfully submitted,

/s/ Kenneth J. Henry
**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
(502) 245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com