IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DANA HALL, | : | CASE NO. 3:13-CV-00399 JGH |
| Plaintiff, | : | |
| v. | : | |
| LVNV FUNDING, LLC, | : | |
| Defendant. | : | |

### DEFENDANT LVNV FUNDING LLC'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
### AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant LVNV Funding LLC ("LVNV"), respectfully moves to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted. Said motion is based upon the corresponding memorandum and the Court's file. A Proposed Order granting the requested relief is also attached.

Respectfully submitted,

/s/Kevin Ray Feazell
Kevin Ray Feazell
Cors & Bassett, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH 45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney For Defendant
LVNV Funding, LLC

2354935v1

-2-

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Defendant LVNV Funding LLC ("LVNV") brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. Contrary to Plaintiff's claims, Kentucky's statute of limitations applies to Plaintiff's debt, not Virginia's, and therefore Plaintiff's claim fails on its face.

### II. FACTS[1]

Plaintiff commenced this putative class action on April 12, 2013. (Pl. Compl., Ct. Dckt. No. 1). Plaintiff's complaint states the following facts. Plaintiff is a resident of Kentucky. (Pl. Am. Compl. ¶ 2, Ct. Dckt. No. 4). LVNV filed suit against Plaintiff on November 19, 2012, in Kentucky state court, on an alleged credit card account ("Account"). *Id.* ¶¶ 7 and 8. Plaintiff had used the Account to purchase goods and services and failed to make any payments after June 27, 2008. *Id.* ¶¶ 9 and 10. Accordingly, LVNV's cause of action on the debt arose on July 26, 2008. *Id.* ¶ 11. The original creditor for the Account, Capital One Bank (USA), N.A. is a Virginia resident and the credit card debt in Virginia is subject to a three year statute of limitations. *Id.* ¶¶ 6, 16, 17, and 18.

Plaintiff moved to dismiss LVNV's lawsuit against him on the grounds that LVNV's claims were barred by Virginia's three-year statute of limitations. *Id.* ¶ 21. The state court dismissed LVNV's lawsuit, holding that LVNV's claim was time-barred. *Id.* ¶¶ 21-22.

---

[1] For purpose of this motion only, LVNV accepts Plaintiff's facts as alleged in the Complaint as true.

2354935v1

## III. LEGAL ARGUMENT

### A. Legal Standard

The standard for ruling on a motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 555 (internal citations and quotation marks omitted).

In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan,* 409 F.3d 710, 716 (6th Cir. 2005). A district court may not grant a Fed. R. Civ. P. 12(b)(6) motion because it does not believe the complaint's factual allegations. *Wright v. MetroHealth Medical Center,* 58 F.3d 1130, 1138 (6th Cir.1995), *abrogated in part by Twombly,* 550 U.S. at 572-88. However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.,* No. 07-3435 (6th Cir. 3/25/08) (citing *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005)), a copy of which is attached hereto as Exhibit A.

### B. Legal Analysis

Plaintiff's claims rest solely on the assertion that LVNV brought suit on a time-barred debt, claiming that Virginia's three-year statute of limitations applies, rather than Kentucky's five-year statute of limitations. If Kentucky law applies, LVNV had a five

year statute of limitations period. Ky. Rev. Stat. Ann. § 413.120(1). If Virginia law applies, LVNV had a three year state of limitations period. Va. Code Ann. § 8.01-246.

### 1. Kentucky's Borrowing Statute

Kentucky has a "borrowing statute" that, when applicable, "borrows" the limitations period of another state where a cause of action accrues, when that period is shorter than Kentucky's limitations period. See K.R.S. § 413.320. The borrowing statute is triggered only when the cause of action *accrued* in another jurisdiction. *Combs v. International Ins.,* 163 F.Supp.2d 686 (E.D. KY 2001). The borrowing statute provides:

> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period. K.R.S. § 413.320.

*Id.*

As the *Combs* court recognized, federal courts in Kentucky are bound by the Sixth Circuit Court of Appeals decision interpreting the Kentucky borrowing statute. *Id.* (citing *Atkins v. Schmutz Mfg. Co.,* 372 F.2d 762 (6th Cir.1967), *cert. denied,* 389 U.S. 829, 88 S.Ct. 92, 19 L.Ed.2d 86 (1967)). As stated by this Court in *White v. Hartford Life Ins. Co.,* 2008 WL 4104487 (W.D.Ky):

> The applicability of the Kentucky borrowing statute depends on:
>
> (1) Whether the cause of action accrued in another state;
>
> (2) If the cause of action did accrue in another state, whether the state's statute of limitations for a particular cause of action is shorter than the corresponding Kentucky statute of limitations; and
>
> (3) If the accrual state's statute of limitations is shorter than Kentucky's, then the statute of limitation of the accrual state is applied; but if the

2354935v1

statute of limitations for the cause of action in the accrual state is longer than Kentucky's, then apply Kentucky's statute of limitations.

*Combs v. International Ins. Co.*, 163 F. Supp. 2d 686, 691 (E.D. Ky. 2001)(quoting *Willits v. Peabody Coal Co.*, 188 F.3d 510 (6th Cir. 1999)(table). **The key factor in the analysis of the borrowing statue is where the cause of action accrued.** *Combs*, 163 F. Supp. 2d at 691 (E.D. Ky. 2001).*White*, 2008 WL 4104487 at *6 (emphasis added). In breach of contract claims, **Kentucky law holds that the cause of action accrues where the breach of contract occurs**. See *Willits*, 188 F.3d 510, 1999 WL 701916 at *12 (citing *Hoskins' Adm'r v. Ky. Ridge Coal Co.*, 305 S.W.2d 308, 311 (Ky.1957) emphasis added).

### 2. Application Of The Borrowing Statute

In *Willits*, a party had a duty to calculate royalty payment and mail them to many individuals in various states. *Willits*, 188 F.3d 510, 1999 WL 701916 at *13. The Sixth Circuit concluded that the cause of action arose in the state where the party had not properly calculated payments, not the state into which such payments were supposed to be mailed. *Id.* The Sixth Circuit also found it instructive that under Kentucky law, "**[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach**" which indicated that a breach can occur before the party damaged actually knows of the damage. *Id.* (emphasis added).

Likewise, federal district courts in Kentucky have also found that a breach of contract occurs in the state from which payment was to be sent, not the state into which payment was to be received. In *Combs*, the court found that a cause of action accrued in the place where the insurance company decided to deny coverage and failed to issue payment on an insurance contract. *Combs*, 163 F. Supp. 2d at 692. Similarly, in

*White*, this Court held that the breach, and therefore the cause of action, accrued in Connecticut, because the insurer's obligation to send payments, and the breach thereof, occurred in Connecticut. *White*, 2008 WL 4104487 at * 7.

In this instance, Plaintiff, a Kentucky resident, failed to send payment to Capital One in Virginia. Plaintiff's failure to make payment constituted the breach of contract on the credit card account upon which LVNV sued. As in the cases set forth above, the cause of action accrued in the state where Plaintiff had an obligation to send payment, Kentucky, not the state into which payments or mailings were to be sent, Virginia. Accordingly, Plaintiff's cause of action accrued in Kentucky and the Kentucky five-year statute of limitations applies and Plaintiff's claim fails.

## IV. CONCLUSION

Since the cause of action occurred on July 26, 2008, and Kentucky's five-year statute of limitations applies, LVNV's lawsuit filed on November 19, 2012 was not time-barred and Plaintiff's corresponding FDCPA claims fail. Accordingly, Plaintiff's claims, individual and class, should be dismissed with prejudice.

DATED: June 14, 2013.

Respectfully submitted,

/s/Kevin Ray Feazell
Kevin Ray Feazell
Cors & Bassett, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH 45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney For Defendant

-7-

## CERTIFICATE OF SERVICE

The undersigned further certifies that a true copy of the foregoing Motion to Dismiss was served on the following parties, on the 14th day of June, 2013, via the Court's ECF system:

Attorneys for Plaintiff:

James H. Lawson
Lawson at Law, PLLC
10600 Timberwood Circle, Suite 1
Louisville, KY 40223
james@kyclc.com

Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
ken@kennethhenrylaw.com

/s/Kevin Ray Feazell
Kevin Ray Feazell