UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00399-H

DANA HALL                                                                                    PLAINTIFF

V.

LVNV FUNDING, LLC                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dana Hall, brings this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. He alleges that Defendant, LVNV Funding, LLC, filed a debt collection action against him in Kentucky state court that was barred by the applicable statute of limitations. Plaintiff purports to represent a class of similarly situated debtors who reside in Kentucky. Defendant moved to dismiss under Rule 12(b)(6) premised on the argument that its state court action against Plaintiff was not, in fact, time-barred. For the reasons that follow, the Court will deny the motion.

I.

The Court will summarize relevant facts as Plaintiff presents them. Hall is a "consumer" and LVNV is "debt collector" as defined by the FDCPA. LVNV is in the business of purchasing debt from creditors and collecting these debts in Kentucky. As assignee of Hall's credit card account with Virginia corporation Capitol One Bank, LVNV brought suit against him in Jefferson District Court on November 19, 2012 to collect a "debt" within the meaning of the FDCPA. Hall had made his last payment on the account on June 27, 2008, so LVNV's cause of action against Hall accrued on or before the next payment due date, July 26, 2008. Hall moved

1

to dismiss LVNV's complaint on grounds that Virginia's three-year statute of limitations applied via Kentucky's borrowing statute and barred LVNV's claims.[1] After briefing the issue, the Jefferson District Court dismissed LVNV's complaint, holding that Virginia's statute did govern and LVNV's claim was time-barred.

Plaintiff alleges that Defendant violated two sections of 15 U.S.C. § 1692: Section 1692f(1) by "attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, by bringing suit on a claim that is barred by the applicable statute of limitations" and Section 1692e(5) by "filing suit on a debt that is barred by the statute of limitations, or threatening to take legal action on a debt that is barred by the statute of limitations." E.C.F. No. 4.

II.

Defendant made a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. E.C.F. No. 7. When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP,* 622 F.3d 471, 477 (6th Cir. 2010). The Court will draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets*, *Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). "Plausibility requires showing more than the 'sheer possibility' of

---

[1] Ky. Rev. Stat. § 413.320 states:
> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

2

relief but less than a 'probab[le]' entitlement to relief." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

III.

Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is broad and intended to remedy a widespread problem. *See Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006). To evaluate whether a debt collector's practice falls within the meaning of the Act, "courts apply an objective test based on the understanding of the least sophisticated consumer." *See id.* at 331 (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998)) (internal quotations omitted).

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff's amended complaint points to specifically listed actionable conduct: "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). This provision has been interpreted as encompassing attempts to collect such amounts as well. *See Gallagher v. Gurstel, Staloch, & Chargo, P.A.,* 645 F. Supp. 2d 795, 801 (D. Minn. 2009) (citing *Duffy v. Landberg,* 215 F.3d 871, 873−75 (8th Cir. 2000).

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff points to "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

The FDCPA likely does not prohibit Defendant from collecting on a time-barred debt *per se*. However, courts widely agree that § 1692e does prohibit filing a time-barred lawsuit to

3

collect a debt, although the Sixth Circuit has not squarely spoken on the issue. *See, e.g,. Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987) (violations of sections 1692f and 1692e where debt collector brought suit on time-barred debt); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Jenkins v. Gen. Collection Co.,* 538 F. Supp. 2d 1165, 1172 (D. Neb. 2012); *Larsen v. JBC Legal Grp., P.C.,* 533 F. Supp. 2d 290, 302-03 (E.D.N.Y. 2008); *Dunaway v. JBC Assocs., Inc.,* 2005 WL 1529574, at *4 (E.D. Mich. June 20, 2005); *Goins v. JBC & Assocs. P.C.,* 352 F. Supp. 2d 262 (D. Conn. 2005); *Shorty v. Capital One Bank,* 90 F. Supp. 2d 1330 (D.N.M. 2000); *Lashbrook v. Portfolio Recovery Assocs., LLC*, 2013 WL 4604281, at *8 (E.D. Mich. Aug. 29, 2013).

Generally, a violation is found when the debt collector knew or should have known the lawsuit was time-barred. *See Jackson v. Midland Funding, LLC,* 754 F. Supp. 2d 711, 715 (D.N.J. 2010) (listing cases utilizing the "knew or should have known" standard). Indeed, even a threat to file such a lawsuit can support a § 1692e claim. *See Brewer v. Portfolio Recovery Assocs.*, 2007 WL 3025077, at *2 (W.D. Ky. Oct. 15, 2007) ("where a debt collector threatens to sue on a debt it knew was time-barred by the statute of limitations, a violation of the FDCPA will lie." (quoting *Gervais v. Riddle & Assocs, P.C.,* 479 F. Supp. 2d 270, 273 (D. Conn. 2007) (internal quotations omitted)). *See also Parkis v. Arrow Fin. Servs., LLS*, 2008 WL 94798, at *7 (N.D. Ill. Jan. 8, 2008) ("threatening . . . a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate" (quoting *Beattie v. D.M. Collections, Inc.,* 754 F. Supp. 383, 393 (D. Del. 1991))).

Here, Plaintiff alleges, with sufficient facts, that Plaintiff "consumer," Defendant "debt collector," and their relationship "debt," fall within the definition of the FDCPA. Plaintiff

further presents a state court judgment declaring that Defendant's lawsuit against Plaintiff to collect on this debt was time-barred. In its motion to dismiss, Defendant argues solely that "[c]ontrary to Plaintiff's claims, Kentucky's statute of limitations applies to Plaintiff's debt, not Virginia's, and therefore Plaintiff's claim fails on its face." E.C.F. No. 7. In support of its argument, Defendant points out that "[a]s the *Combs* court recognized, federal courts in Kentucky are bound by the Sixth Circuit Court of Appeals decision interpreting the Kentucky borrowing statute." *Id.* In essence, it argues that the Jefferson District Court was wrong. While this may well be an argument that resonates with a jury, it is not sufficient to warrant dismissal of Plaintiff's claims at this time.

The Court can find no Sixth Circuit opinion directly on point. Even if it could, the Court is bound only when it is, in fact, interpreting the Kentucky borrowing statute. Here, the Court has no occasion to engage in such interpretation. A Kentucky state court has already applied the Kentucky borrowing statute to the parties in this very issue, determining that LVNV's claim was subject to the Virginia three-year statute of limitations. Therefore, the time-barred dismissal of LVNV's lawsuit against Plaintiff is, for the purposes of Plaintiff's FDCPA claim, an underlying fact, not an appellate issue open to question.[2]

The cases Defendant cites in support of a contrary view are not convincing because they each address fundamentally different circumstances. In *Dudek*, the district court was charged with determining which state's statute of limitations applied after the defendant dismissed the state court complaint without prejudice immediately before trial was scheduled to begin. *See Dudek v. Thomas & Thomas Attys. & Counselors at Law*, 702 F. Supp. 2d 826, 829 (N.D. Ohio 2010). In *Combs*, the plaintiff appealed a federal district court's application of the

---

[2] The appropriate place to challenge the Jefferson District Court's determination that LVNV's lawsuit was time-barred is the Kentucky Court of Appeals. A motion to dismiss in federal court is not the appropriate place to do so, and this Court will not act as an appellate court to the Jefferson District Court's resolution of the issue.

Kentucky borrowing statute. *See Combs v. Int'l Ins. Co.,* 354 F.3d 568, 572 (6th Cir. 2004). Similarly, in *Willits*, the defendant cross-appealed a federal district court's determination of its statute of limitations defense. *See Willits v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916, at *5 (6th Cir. Sept. 1, 1999). Finally, in *White*, this Court "discuss[ed] but [did] not rule on the statute of limitations issues" in an insurance payment context. *White v. Hartford Life Ins. Co.*, 2008 WL 4104487, at *1 (W.D. Ky. Sept. 3, 2008). Here, the Court is not reviewing the state court decision and has no power to do so under these circumstances.

Defendant may well be correct that it had every reason to believe that a Kentucky state court would apply its own statute of limitations rather than Virginia's in these circumstances. That argument, however, is for a later occasion. There are a number of ways that Defendant may raise this issue, including but probably not limited to the "bona fide error defense" pursuant to 15 U.S.C. §1692k(c).

For these reasons, Plaintiff's FDCPA claims will not be dismissed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

cc: Counsel of Record