UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| DANA HALL, | : | |
| | : | CASE NO. 3:13-CV-00399 JGH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LVNV FUNDING, LLC, | : | **ANSWER TO FIRST AMENDED** |
| | : | **COMPLAINT** |
| Defendant. | : | |

Defendant LVNV Funding, LLC ("LVNV") as and for its Answer to the First Amended Complaint ("Complaint") of Dana Hall ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to numbered paragraph 1 of the Complaint, LVNV admits that Plaintiff brings this claim as alleged in said paragraph, but denies that it violated any law and denies all remaining allegations.

2. In response to numbered paragraph 2 of the Complaint, LVNV admits that Plaintiff purports to bring this matter on behalf of a class, but LVNV denies that any class exists.

3. LVNV denies the allegations set forth in numbered paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief.

4. In response to numbered paragraph 4 of the Complaint, LVNV admits that it is a Delaware limited liability company as alleged. LVNV admits that it acquires debts but denies the remaining allegations set forth in numbered paragraph 2 of the Complaint.

5. LVNV denies the allegations set forth in numbered paragraph 5 of the Complaint.

6. LVNV denies the allegations set forth in numbered paragraph 6 of the Complaint for lack of knowledge or information sufficient to form a belief.

7. LVNV admits the allegations set forth in numbered paragraph 7 of the Complaint.

8. LVNV admits the allegations set forth in numbered paragraph 8 of the Complaint.

9. LVNV denies the allegations set forth in numbered paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief.

10. LVNV admits the allegations set forth in numbered paragraph 10 of the Complaint.

11. LVNV denies the allegations set forth in numbered paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief.

12. LVNV denies the allegations set forth in numbered paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief.

13. In response to numbered paragraph 13 of the Complaint, LVNV states that the referenced complaint speaks for itself, and denies any remaining allegations.

14. LVNV admits the allegations set forth in numbered paragraph 14 of the Complaint.

15. LVNV denies the allegations set forth in numbered paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief.

16. LVNV denies the allegations set forth in numbered paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief.

17. LVNV denies the allegations set forth in numbered paragraph 17 of the Complaint.

18. LVNV denies the allegations set forth in numbered paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief.

19. LVNV denies the allegations set forth in numbered paragraph 19 of the Complaint.

20. In response to numbered paragraph 20 of the Complaint, LVNV admits that it commenced suit more than three years after its cause of action accrued, but denies that its claim was time-barred or that Virginia law was applicable.

21. LVNV admits the allegations set forth in numbered paragraph 21 of the Complaint.

22. LVNV denies the allegations set forth in numbered paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief.

23. In response to numbered paragraph 23 of the Complaint, LVNV admits that Plaintiff purports to bring this matter as a class action, but denies that any such class exists.

24. LVNV denies the allegations set forth in numbered paragraph 24 of the Complaint.

25. In response to numbered paragraph 25 of the Complaint, LVNV admits that Plaintiff seeks statutory damages, but denies that Plaintiff is entitled to such damages.

26. LVNV denies the allegations set forth in numbered paragraph 26 of the Complaint.

27. LVNV denies the allegations set forth in numbered paragraph 27 of the Complaint.

28. LVNV denies the allegations set forth in numbered paragraph 28 of the Complaint.

29. LVNV denies the allegations set forth in numbered paragraph 29 of the Complaint.

30. LVNV denies the allegations set forth in numbered paragraph 30 of the Complaint.

31. LVNV denies the allegations set forth in numbered paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief.

32. LVNV denies the allegations set forth in numbered paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief.

33. LVNV denies the allegations set forth in numbered paragraph 33 of the Complaint.

34. LVNV denies the allegations set forth in numbered paragraph 34 of the Complaint.

35. LVNV denies the allegations set forth in numbered paragraph 35 of the Complaint.

36. LVNV denies the allegations set forth in numbered paragraph 36 of the Complaint.

37. LVNV denies the allegations set forth in numbered paragraph 37 of the Complaint.

38. LVNV adopts by reference paragraphs 1 through 37 of this Answer as though fully set forth herein.

39. LVNV denies the allegations set forth in numbered paragraph 39 of the Complaint.

40. LVNV denies the allegations set forth in numbered paragraph 40 of the Complaint, and all subparts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of LVNV.

### THIRD DEFENSE

Any violation of the FDCPA, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

LVNV asserts that individual questions predominate and that accordingly, class treatment is not appropriate. Specifically, an individual investigation as to the

applicability of Kentucky and Virginia law must be undertaken to determine which law applies.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against LVNV.

## SIXTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

DATED this 16TH day of October, 2013.

Respectfully submitted:

/s/ Kevin Ray Feazell
Kevin Ray Feazell (84678)
Cors & Bassett, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH 45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney for Defendant LVNV Funding, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following

FOR PLAINTIFF

Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243

James H. Lawson
Lawson at Law, PLLC
10600 Timberwood Circle
Suite 1
Louisville, KY 40223

/s/ Kevin Ray Feazell
Kevin Ray Feazell

590997.1