**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **DANA HALL,** | : | **CASE NO.  3:13-CV-00399 JGH** |
| | : | |
| **Plaintiff,** | : | **JUDGE JOHN G. HEYBURN** |
| | : | |
| **v.** | : | |
| | : | |
| **LVNV FUNDING, LLC,** | : | **MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| **Defendant.** | : | |

Defendant LVNV Funding LLC ("LVNV") hereby respectfully moves this Court, pursuant to Fed. R. Civ. P. 56, for summary judgment on all of Plaintiff's claims as set forth in his complaint, as there are no genuine issues of material fact and LVNV is entitled to judgment as a matter of law.  This motion is supported by the pleadings filed by the parties to date, and a memorandum in support is set forth below.  A proposed Order granting this Motion is being submitted to the Court herewith.

Respectfully submitted:

/s/ Kevin Ray Feazell
Kevin Ray Feazell
CORS & BASSETT, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH  45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney for Defendant LVNV Funding, LLC

-1-

<u>MEMORANDUM IN SUPPORT</u>

## I.  INTRODUCTION

Defendant LVNV Funding LLC ("LVNV") brings this motion for summary judgment pursuant to Fed. R. Civ. P. 56, as to Plaintiff's class claims, because individualized questions predominate and class treatment is not appropriate.

## II.  FACTS

Plaintiff commenced this putative class action on April 12, 2013.  (Pl. Compl., Ct. Dckt. No. 1).  Plaintiff is a resident of Kentucky.  (Pl. Am. Compl. ¶ 2, Ct. Dckt. No. 4). LVNV filed suit against Plaintiff on November 19, 2012, in Kentucky state court, on an alleged credit card account ("Account").  *Id.* ¶¶ 7 and 8.  Plaintiff had used the Account to purchase goods and services and failed to make any payments after June 27, 2008. *Id.* ¶¶ 9 and 10.  Accordingly, LVNV's cause of action on the debt arose on July 26, 2008.  *Id.* ¶ 11.  The original creditor for the Account, Capital One Bank (USA), N.A. is a Virginia resident, and Plaintiff has alleged that credit card debt in Virginia is subject to a three-year statute of limitations.  *Id.* ¶¶ 6, 16, 17, and 18.

Plaintiff moved to dismiss the LVNV's lawsuit against him on the grounds that LVNV's claims were barred by Virginia's three-year statute of limitations.  *Id.* ¶ 21.  The state court dismissed LVNV's lawsuit, holding that LVNV's claim was time-barred.  *Id.* ¶¶ 21-22.

Plaintiff has now brought this action, purporting to represent a class of Kentucky residents whose Capital One Bank accounts went into default more than three years before LVNV commenced litigation against, or threatened to sue, Kentucky consumers. *Id.* ¶ 24. Plaintiff asserts that there are common questions of law as to the class,

including "whether LVNV Funding, LLC's bringing suit on a default Capital One credit card debt on which Capital One's cause of action accrued more than three years before the Complaint was filed violated the Fair Debt Collection Practices Act." *Id.* ¶ 28.

## III.   LEGAL ARGUMENT

### A.   Legal Standard

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322; 106 S.Ct. 2548 (1986). "The moving party bears the burden of demonstrating that there are no genuine issues of material fact, which `may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Wright v. Murray Guard, Inc.,* 455 F.3d 702, 706 (6th Cir. 2006) (quoting *Celotex Corp.,* 477 U.S. at 322-23). The nonmoving party must then put forth "significantly probative" evidence supporting its claims in order to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249; 106 S.Ct. 2505 (1986).

Moreover, Rule 23(c)(1)(A) allows a district court to consider whether class certification is appropriate, upon motion of a defendant.  *Pilgrim v. Universal Health Card, LLC*, 660 F. 3d 943 (6th Cir. 2011).  "To satisfy the predominance requirement in Rule 23(b)(3), 'a plaintiff must establish that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole … predominate over those issues that are subject only to individualized proof.'" *Beattie v. CenturyTel,*

*Inc.,* 511 F.3d 554, 564 (6th Cir. 2007). "[C]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.*

    **B.    Legal Analysis**

     In order to determine if putative class members have the same claim as does Plaintiff, an individualized determination of the facts for each and every such putative member is required. Indeed, when "the claim of each class member is inherently individualized, determining liability would require investigation of the factual circumstances of each" putative class member, class certification is not proper. *Bridging Communities, Inc. v. Top Flite Fin., Inc.*, 2013 U.S. Dist. LEXIS 77391, *7; 2013 WL 2417939 (E.D. Mich). As stated by one court,

> Further, such a fact-intensive, individualized inquiry — commonly referred to as "mini-trials" — does not fulfill the efficiency goals of a class action, which should depend on uniform, standardized proof. A class action is thus not the superior method for adjudicating this controversy, as is required under Rule 23(b)(3).

*Bradberry v. John Hancock Mut. Life Ins. Co.*, 222 F.R.D. 568, 373 (W.D. Tenn. 2004).

    As set forth below, this case is not subject to generalized proof, but individual proof will control, thus prohibiting treatment of this matter as a class.

        **1.    An Individualized Determination Of Each Putative Class Member Would be Required**

    Kentucky has a "borrowing statute" that, when applicable, "borrows" the limitations period of another state where a cause of action accrues, when that period is shorter than Kentucky's limitations period. *See* K.R.S. § 413.320. The borrowing statute is triggered only when the cause of action *accrued* in another jurisdiction. *Combs v. Int'l Ins. Co.,* 163 F. Supp. 2d 686 (E.D. Ky. 2001). In the underlying state court lawsuit

against Plaintiff, the state court granted Plaintiff's motion to dismiss the collection action against him, on the grounds that the claim against him was barred by the statute of limitations. (Docket No. 4-2). That order, however, is devoid of any discussion of the borrowing statute. *Id.*

As set forth above, Kentucky's borrowing statute only applies when the cause of action accrued in another jurisdiction. In order to certify a class, Plaintiff would have to show that each putative class member shares the same claim as does he. However, before getting to that point, the claims of each individual class member would have to be vetted to determine where the cause of action accrued and if the Kentucky borrowing statute applied.

If the court determines that Kentucky law applies to an individual putative class member, the applicable statute of limitations period will be either 5 or 15 years. The five year statute of limitations applies to contracts that are oral, express, or implied, whereas a fifteen year statute of limitations applies to contracts that are written. *See* K.R.S. §§ 413.120(1) and 413.090(2), respectively. Thus, if a putative class member's cause of action accrued in Kentucky, his claims would fail and he would not fit within the class definition.

If, however, the court determines that the individual class member was injured in Virginia, the statute of limitations that applies is either 3 or 5 years. The three year statute of limitations applies to contracts that are unwritten, express or implied, whereas the five year statute of limitations applies to contracts that are in writing and "signed by the party to be charged…." Va. Code Ann. §§ 8.01-246(2) and (4).

Accordingly, the Court would have to conduct mini-trials to determine if each putative class member has a signed written contract, or if the contracts are unwritten. Indeed, only putative class members who are found to have been injured in Virginia and who do not have a written contract signed by them would fit in Plaintiff's class definition. Moreover, there may be instances where a putative class member unsuccessfully challenged a collection lawsuit on the basis of the statute of limitations. Including such individuals would challenge the validity of the state court ruling.

In Plaintiff's Amended Complaint, he misrepresents that "[u]nder Virginia law, credit card debt is subject to a three-year statute of limitations." Docket No. 4, ¶ 18. In making the misrepresentation, Plaintiff cites to a Florida Circuit Court opinion: *Delrey v. Capital One Bank*, 2009 WL 5103229 (Fla. Cir. Ct. 2009). While this decision is not binding on this Court, Plaintiff has inaccurately conveyed the holding of the *Delrey* court. While the *Delrey* court did hold that Virginia's five year statute of limitations applied to a credit card debt, it was based upon its review of the applicable agreement. *Id.* at *3. Indeed, the *Delrey* court noted that:

> [h]ere, the Customer Agreement does not "show on its face a complete and concluded agreement between the parties." For example, it fails to set out the applicable interest rate governing the account and it is not signed by either party. This action is not founded upon a signed contract. The Customer Agreement, which by the terms of the complaint is the document which Capital One is relying upon for its breach of contract count, does not satisfy the requirements of a written contract. Thus, the particular statute of limitations, which would permit the initiation of a contract action to enforce the terms of a written contract within five years of its signing, is not applicable.

*Id.* Accordingly, the *Delrey* case does not stand for the proposition that *all* credit card debt to Capital One is subject to Virginia's three year statute of limitations as claimed by

Plaintiff; rather it demonstrates that an individualized review of each putative class member's credit card agreement would be required.

Directly on point is the decision reached in the *Clavell v. Midland Funding LLC* case. 2011 U.S. Dist. LEXIS 65721; 2011 WL 2462046 (E.D. Pa. 2011). In *Clavell*, the plaintiff had brought a putative class action against a debt purchaser for having its collection counsel file a collection lawsuit on a debt that happened to be time-barred. *Id.* at *1. In *Clavell*, the debt purchaser's representative testified that identification of putative class representatives would be difficult because various factors must be accounted for, including which state's law applies, is there a borrowing statute that controls, are the contracts in writing and subject to a longer statute of limitations or are they not in writing and subject to a shorter limitations period. *Id.* at *9-10. In refusing to certify a class, the *Clavell* court stated:

> Based on the evidence that Clavell has presented, Midland's argument has force in that its records only reflect the *estimated* statute of limitations expiration date and that, while their records *could* show whether the statute of limitations had expired, this cannot be done without an independent evaluation of each potential class member. Thus, even if Midland could run a search that identified all of the debtors against whom cases had been filed after the estimated statute of limitations had run, this would not capture the proposed class, which includes only "persons against whom Defendant sued since July 21, 2009, on *time barred* debt based on written instruments ... as calculated from the last payment due date available in Defendant's records." But as calculating the statute of limitations based on the last payment due date may not—indeed, likely will not—definitely capture the actual statute of limitations expiration date, the Midland database will not avoid an individualized inquiry into each putative member's debt's particular circumstances.
>
> Thus, although Clavell himself is a member of his proposed class, that class is not identifiable based on Midland's records alone. In fact, those records show that an independent inquiry had to be conducted to determine whether Clavell's debt's statute of limitations had indeed run. Because we find that the proposed class is not identifiable based on the

evidence Clavell presents, we need not consider whether the class meets the requirements of Rule 23(a) and 23(b).

*Id. at* *11-12 (Internal citations omitted; emphasis in the original).

As set forth above, this matter has the same issues that prevented the *Clavell* court from certifying a class.  The Court would have to conduct mini-trials to determine where the putative class members causes of action accrued, which state law applied and whether there were written or unwritten contracts that affect the statute of limitations.

Accordingly, as individualized questions predominate, class certification would be improper and Plaintiff's class claims should be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's class claim should be dismissed and LVNV's motion for summary judgment of the same should be granted.

Respectfully submitted:

/s/ Kevin Ray Feazell
Kevin Ray Feazell
CORS & BASSETT, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH  45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney for Defendant LVNV Funding, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned further certifies that a true copy of the foregoing Motion to Dismiss was served on the following parties, on the 3rd day of December, 2013, via the Court's ECF system:

Attorneys for Plaintiff:

Hon. James H. Lawson
Lawson at Law, PLLC
10600 Timberwood Circle, Suite 1
Louisville, KY 40223
james@kyclc.com

Hon. Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
ken@kennethhenrylaw.com

/s/Kevin Ray Feazell_____
Kevin Ray Feazell

600596.1